Richard B. WILDIN, Petitioner—
Appellant,

v.

S. Frank THOMPSON, Respondent—
Appellee.

No. 03–36029.

D.C. No. CV–99–00204–AA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 2004.

Decided Oct. 14, 2004.

Ellen Pitcher, FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Lynn David Larsen, Asst. Atty. Gen., DOJ—Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before WALLACE, GOULD, and BEA, Circuit Judges.

### MEMORANDUM *

Petitioner Richard Bruce Wildin was convicted by a jury of first degree manslaughter in Oregon state court on June 23, 1995. He was sentenced to 5 years imprisonment and 36 months post-prison supervision. He now appeals the district court's denial of his habeas petition challenging his conviction on the ground that he was denied the effective assistance of counsel because his trial counsel failed to test physical evidence seized at the crime scene and he was prejudiced thereby. We affirm the decision of the district court.

We review a district court's decision to deny a 28 U.S.C. § 2254 habeas petition *de novo*. *See Taylor v. Maddox*, 366 F.3d 992, 997 (9th Cir.2004). Habeas relief may be granted if a state court's decision "[w]as contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

To establish ineffective assistance of counsel, petitioner must prove: (1) that "counsel's performance was deficient" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We conclude that the decision of petitioner's counsel not to have the blood on the victim's t-shirt and the petitioner's coat and van bumper independently tested was a "reasonable" tactical decision under the circumstances.

Even if counsel's decision not to test the physical evidence was not reasonable, petitioner did not prove that he was prejudiced thereby.

Accordingly, we AFFIRM the decision of the district court.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.